**Charles J. Shemaitis, Plaintiff-Appellant, v. Le Roy F. Froemke, Defendant-Appellee.**

Gen. No. 48,872.

First District, Second Division.

January 29, 1963.

Charles J. Shemaitis, pro se, of Chicago, for appellant.

No appearance or brief filed for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

On July 6, 1961 plaintiff filed in the Circuit Court an action to recover damages for false imprisonment alleged to have occurred on December 16, 1948. The defendant filed a motion to dismiss the complaint because the cause of action is barred by the statute of limitations and by prior judgments. The motion is supported by an affidavit setting out the judgments barring the cause of action. On May 11, 1962 the court ordered that the complaint be stricken and that the cause be dismissed "with prejudice." Although not in proper form we shall consider this order a final judgment. In due time plaintiff filed a motion, supported by his affidavit, to vacate the order of dismissal. The affidavit gives plaintiff's view of the history of the litigation from the filing of a partition suit against him in 1947. On June 4, 1962 the court overruled plaintiff's motion to vacate the order of dismissal. He appeals. The defendant did not appear or file a brief.

Plaintiff asserts that the Superior Court did not acquire jurisdiction of the cause, that the orders entered by a judge of that court are void and that the Superior Court did not acquire jurisdiction over the cause filed in the Circuit Court because of non-compliance with the act authorizing the transfer of civil cases between courts of record. Ill Rev Stats 1961, c 146, § 37. He says that as no order of transfer of the case was entered the Superior Court did not acquire jurisdiction of the case. He concludes by charging that the order of June 4, 1962 overruling his motion to vacate the order of dismissal is invalid because it bears the incorrect case number.

The trial judge was right in deciding that the cause was barred by the statute of limitations and also by prior judgments. There was no attempt

to transfer the case from the Circuit Court to the Superior Court under the provisions of Ill Rev Stats 1961, c 146, § 37. Judge Herbert C. Paschen, who decided the motions, is a Superior Court judge. Under the provisions of Ill Rev Stats 1961, c 37, § 72.29, Judge Paschen had the authority to hear and decide the motions and to enter judgment. No order of transfer of the case was required. The case remained in the Circuit Court. The Circuit and Superior Court judges interchange. An examination of the record shows that the order of June 4, 1962 bears the correct file number. Plaintiff is right in his statement that the order of June 4, 1962 was written on a Superior Court form. It is manifest, however, that Judge Paschen intended to and did enter the judgment and order while presiding in the Circuit Court. For these reasons the judgment and order are affirmed.

Judgment and order affirmed.

BRYANT, P. J. and FRIEND, J., concur.